Brian S. Kabateck, SBN 152054
(bsk@kbklawyers.com)
Richard L. Kellner, SBN 171416
(rlk@kbklawyers.com)
Evan M. Zucker, SBN 266702
(ez@kbklawyers.com)
KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 217-5000
Facsimile: (213) 217-5010

Attorneys for Plaintiffs, on behalf of themselves
and all others similarly situated

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| CLIFFORD MCKENZIE, DANIEL BIDDIX, ROBIN BIDDIX, DAVID KIBILOSKI, AND VIRGINIA RYAN on behalf of themselves and all others similarly situated; <br><br> Plaintiff, <br><br> vs. <br><br> WELLS FARGO HOME MORTGAGE, INC., a California corporation; WELLS FARGO BANK, N.A., WELLS FARGO & COMPANY, WELLS FARGO INSURANCE, INC., and DOES 1 through 10 inclusive; <br><br> Defendants. | CASE NO. 4:11-CV-04965-YGR <br><br> **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** <br><br> Date: May 7, 2012 <br> Time: 2:00 p.m. <br><br> Assigned to the Hon. Yvonne Gonzalez Rogers |
|---|---|

Having conferred per the Court's Notice and the Northern District of California's Standing Order, counsel for all parties respectfully submit this Joint Case Management Conference Statement.

1. <u>Jurisdiction and Service</u>: All parties to this matter have been served with the complaint. The Court has subject matter jurisdiction over this case based upon federal question jurisdiction in connection with the Plaintiffs'

1

claims under the Truth in Lending Act, 12 U.S.C. §1601. The Court also has diversity jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d)(2) because the amount in controversy is in excess of $5,000,000. The Court has supplemental pendent jurisdiction over the state law claims at issues pursuant to 28 U.S.C. § 1367. There are no personal jurisdiction or venue issues.

2. Facts:

Plaintiffs' Statement:

Plaintiffs are homeowners who entered into mortgage transactions or who have a home loan serviced by Defendants. Plaintiffs' properties are located in Special Flood Hazard Areas ("SFAs") as defined by the Federal Emergency Management Agency ("FEMA") and require maintenance of flood insurance in the minimum amount required under federal law. Defendants' force-placed unnecessary flood insurance coverage in excess of the amount required under law and in excess of what was provided in their respective contractual agreements with Plaintiffs and those similarly situated. Defendants also misrepresented the amount of flood insurance required by law and the contractual agreements. In addition, Defendants force-placed insurance to meet their unnecessary, unreasonable and excessive flood insurance requirements at rates inflated by an improper and illegal kickback scheme with their captive insurance provider(s).

Defendants represented to Plaintiffs and the Class that the amount of flood insurance required is equal to the replacement value of the property. The National Flood Insurance Act and the form contractual agreements at issue, however, require flood insurance equal <u>to the lesser of</u>: (1) the maximum insurance coverage against through the NFIP [$250,000]; (2) the outstanding balance of the loan; or (3) the replacement cost of the property.

2

Joint Case Management Conference Statement

Plaintiff McKenzie maintained insurance in excess of the value of his property but was still force-placed with an unnecessary flood insurance policy at excessive rates by Defendants.

Plaintiffs Biddix were informed in a letter, despite their loans not requiring flood insurance at inception, that they were required to procure flood insurance. Defendants subsequently force-placed an unnecessary and excessive flood insurance policy with coverage equal to more than the value of the outstanding balance of their loan. Defendants further misrepresented that this was a requirement under NFIP.

Plaintiffs Kibilosky and Ryan maintained the amount of flood insurance coverage required by their Notice of Special Flood Hazards issued at loan origination. Plaintiffs were later presented with materially misleading and deceptive letters instructing them that Defendants would force-place flood insurance despite the fact that they already carried the required amount of flood insurance. Defendants then force-placed an excessive and unnecessary flood insurance policy despite Plaintiffs' offer of proof that they already maintained proper flood insurance coverage.

Defendants' Statement:

Defendants deny that they have taken any course of action which would invoke any liability under the theories espoused by Plaintiffs. The principle federal statutes, all of the controlling federal regulations, as well as federal agency interpretation are opposed to the theory espoused by Plaintiffs in this action. Relying on a misinterpretation of the federal flood statute's requirements, all of Plaintiffs' legal theories, including their state law claims, fail as a matter of law. Further, Defendants' actions are consistent with the parties' agreements.

3. <u>Legal Issues</u>: Plaintiffs allege seven (7) causes of action: (1) Violation of the Truth In Lending Laws, 15 U.S.C. 1601, *et seq.*; (2) Breach of Contract; (3) Violation of the Real Estate Settlement Procedures Act ("RESPA"); (4) Unjust Enrichment; (5) Breach of Fiduciary Duty; (6) Conversion; and (7) Violation of the New Mexico Unfair Trade Practices Act. Plaintiffs believe that Defendants' conduct as set forth in their Second Amended Complaint supports a finding of liability with respect to each of the above-identified causes of action. Defendants deny this contention.

4. <u>Motions</u>: Defendants filed a motion to dismiss this action, which was decided as moot upon the filing of Plaintiffs' Second Amended Complaint. Defendants anticipate filing a motion to dismiss the Second Amended Complaint as well as a Motion for Summary Judgment if necessary. Defendants also reserve their right to file a motion for transfer venue based upon inconvenient forum, as none of the Plaintiffs are from California and many of Defendants witnesses and documents are in the Midwest. Plaintiffs anticipate filing a Motion for Class Certification and a Motion for Summary Judgment, as warranted by the record developed through discovery.

5. <u>Amendment of Pleadings</u>: The parties propose June 3, 2012 as the deadline for amending the pleadings.

6. <u>Evidence Preservation</u>: Both parties agree to take reasonable steps within normal business practices and the Federal Rules of Civil Procedure to maintain and preserve all potentially relevant evidence for trial, including both hard copy and electronically stored information.

7. <u>Disclosures</u>: The parties are in the process of disclosing all necessary information pursuant to Fed. R. Civ. P. 26(a) and such will be completed by June 1, 2012.

8.  Discovery:

Plaintiffs' Statement:

Discovery should be open for all purposes. Courts in the Ninth Circuit have repeatedly found it improper to bifurcate class and merits discovery. *See, e.g., Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 41 (N.D. Cal. 1990) ("[a]n order restricting discovery to class issues would be impracticable because of the closely linked issues, and inefficient because it would be certain to require ongoing supervision of discovery"); *Barnhart v. Safeway Stores, Inc.*, No. S92-0803 WBS, 1992 WL 443561, at *3, 9 (E.D. Cal. Dec. 14, 1992) (declining to limit discovery to "class" related matters).

Because there is significant overlap among the issues relevant to class certification and class liability, any attempt to bifurcate discovery will also result in much greater inefficiency and is likely to generate endless disputes about line-drawing in this case. As the Manual for Complex Litigation – Fourth recognizes, "information about the nature of the claims on the merits and the proof they require is important to deciding certification. Arbitrary insistence on the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification practice emphasizes." *See* Federal Judicial Center, Manual for Complex Litigation – Fourth, § 21.14 (2005).

Discovery is expected to cover, among other things, Defendants' policies, practices and procedures regarding their force-placement of flood insurance, the implementation of those policies and procedures, as well as the amount and character of the flood insurance policies that Defendants force-placed and Defendants' relationships to Plaintiffs and the Class. Plaintiffs further seek information on compensation and other financial or non-financial benefits that Defendants received from the applicable insurance companies in

connection with Defendants' force-placed insurance program as well as Defendants relationships to various insurers, investors and mortgage servicing and regulating entities.

Plaintiffs anticipate needing to exceed the deposition limit set forth in Fed. R. Civ. P. 30, and will need to take numerous depositions, including Rule 30(b)(6) depositions of Defendants on a number of topics, as well as depositions of current or former employees who had roles in, among other things, creating, implementing, designing or servicing Plaintiffs and the Class's loans and the force-placed flood insurance scheme that emanated. Plaintiffs will also seek to depose representatives of third parties who have relevant information about Defendants' policies and procedures at issue, and the implementation of those policies and procedures regarding the force-placement of flood insurance

Defendants' Statement

(1) Defendants anticipate that discovery will cover each of the named Plaintiffs' transactions with Defendants regarding insurance as well as each of the Plaintiffs' suitability to be a class representative as well. (2) Defendants also believe that Plaintiffs should be allowed to conduct properly tailored, reasonably discovery directed to Defendants' procedures for flood insurance and lender placement of flood insurance. (3) In addition, Defendants believe that that damages discovery should be deferred until after the decision on class certification. (4) Defendants believe that it is inappropriate for Plaintiffs to assert at this juncture "needing to exceed the deposition limits set forth in Fed. R. Civ. P. 30" as indicated above. Defendants see no reason for this and propose that, if the issue arises the parties shall meet and confer regarding the subject.

9. <u>Class Actions</u>: Plaintiffs anticipate filing their Motion for Class Certification after the pleadings are resolved and after an adequate time for discovery. The parties propose a deadline for Plaintiffs to file their Motion for Class Certification on or before January 7, 2013, with the opposition to such motion being due 45 days thereafter and the reply being due 35 days after the filing of the opposition.

10. <u>Related Cases</u>: The parties do not believe that there are any related cases.

11. <u>Relief</u>: Plaintiffs request relief according to proof at trial. Relief is expected to include damages, restitution, penalties and injunctive relief to remedy the conduct alleged in Plaintiffs' Second Amended Complaint. The exact damages are unknown at this time (and require discovery) but include all excess premiums incurred for improperly placed flood insurance as well as the disgorgement and restitution of all kickbacks received by Defendants as alleged in the Second Amended Complaint. In addition, Plaintiffs seek attorneys' fees and costs as well as punitive damages and interest as a result of Defendants' conduct. Defendants deny that any such relief should be had by Plaintiffs, as there is no basis for any liability.

12. <u>Settlement and ADR</u>: The parties believe that private mediation would be the most efficient and effective ADR resolution method for this matter. However, the parties believe that it is premature to incur the expense of mediation prior to, at a minimum, development of preliminary discovery related to the Defendants' practices, policies and procedures with regard to force placements of flood insurance and size and scope of the purported class at issue.

Joint Case Management Conference Statement

13. <u>Consent to Magistrate Judge for All Purposes</u>: The parties do not consent to a magistrate judge for all purposes, including trial and entry of judgment.

14. <u>Other References</u>: The parties do not believe other references are suitable for this case.

15. <u>Narrowing of Issues</u>: The parties do not believe that there are any stipulations or agreements available to narrow the issues at this time. The parties do not believe that any form of bifurcation is suitable for this matter.

16. <u>Expedited Trial Procedure</u>: The parties do not believe that this case is suitable for an expedited trial procedure.

17: <u>Scheduling</u>: Because the determination of Plaintiffs' Motion for Class Certification will have a significant impact on the presentation of issues at trial in this case, the parties agree that the scheduling of the deadlines for designation of experts, discovery cutoff, dispositive motion cutoff, pretrial conference and trial should be postponed until after class certification has been decided.

18. <u>Trial</u>: The parties request a jury trial. Defendants anticipate the trial to take between 21-30 days. Plaintiffs anticipate the trial taking approximately 10 days.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>:

Plaintiffs' statement: Plaintiffs do not have any interested entities or persons to disclose

Defendants' statement: Defendants have those interested entities or persons as will be stated in their Rule 7.1 statement in this case.

20. <u>Other Matters</u>: The parties do not have any other matters to identify at this time.

Dated: May 4, 2012          KABATECK BROWN KELLNER LLP

By:   /s/ Evan M. Zucker
      Richard L. Kellner
      Evan M. Zucker

FEAZELL & TIGHE, LLP
      Austin Tighe
      6618 Sitio Del Rio Boulevard
      Building C-101
      Austin, Texas 78730
      Tel: (512) 372-8100
      Fax: (512) 372-8140
      austin@feazell-tighe.com

BERGER & MONTAGUE, P.C.

      Shanon J. Carson (pro hac vice application forthcoming)
      Patrick F. Madden (pro hac vice application forthcoming)
      1622 Locust Street
      Philadelphia, PA 19103
      Telephone: (215) 875-4656
      Facsimile: (215) 875-4604
      Email: scarson@bm.net
            pmadden@bm.net

TAUS, CEBULASH & LANDAU, LLP

      Brett Cebulash (pro hac vice application forthcoming)
      Kevin S. Landau (pro hac vice application forthcoming)
      80 Maiden Lane, Suite 1204
      New York, NY 10038
      Telephone: (212) 931-0704
      Facsimile: (212) 931-0703
      Email: bcebulash@tcllaw.com
            klandau@tcllaw.com

Attorneys for Plaintiffs on behalf of himself and all others similarly situated

SEVERSON & WERSON
A Professional Corporation


By: /s/ Philip Barilovits
Philip Barilovits

Attorneys for Defendants