LEAH R. MOSNER (Bar No. 266645)
BuckleySandler LLP
100 Wilshire Boulevard, Suite 1000
Santa Monica, CA 90401
Telephone: (310) 424-3900
Facsimile: (310) 424-3960
Email: lmosner@buckleysandler.com

*Attorney for QBE Insurance Corp.,
and QBE FIRST Insurance Agency, Inc.*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **CLIFFORD MCKENZIE**, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**WELLS FARGO BANK, N.A.**, *et al.*,<br><br>**Defendants.** | Case No. 3:11-CV-04965-JCS<br><br>**QBE INSURANCE CORP.'S AND QBE FIRST INSURANCE AGENCY, INC.'S NOTICE REGARDING CONSOLIDATION**<br><br>Date: September 13, 2013<br>Time: 9:30 a.m.<br>Crtrm: G<br>Judge: Hon. Joseph C. Spero |

QBE Insurance Corporation and QBE FIRST Insurance Agency, Inc. (collectively, the "QBE Entities") are not parties to the above-captioned case. However, in their recently filed Motion for Class Certification ("Motion"), ECF No. 139, May 31, 2013, Plaintiffs in this case state that they "would not oppose consolidating this case with *Leghorn* [*v. Wells Fargo Bank, N.A.*, No. 4:13-CV-00708-JCS (N.D. Cal.)] pursuant to Fed. R. Civ. P. 42(a). . . ." Motion at 3-4 n.7. The QBE Entities are named defendants in the *Leghorn* action, are aware of Plaintiffs' statement, and would oppose consolidation with this case.

Under Rule 42 of the Federal Rules of Civil Procedure, the courts have "broad discretion" in determining whether to consolidate cases that involve a common question of law or fact. Fed. R. Civ. P. 42(a)(2); *see Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). In making this determination, "the court should weigh the interest of judicial convenience against the potential for delay, confusion, and prejudice." *Levy v. 24 Hour Fitness Worldwide, Inc.*, No. 3:13-cv-00893-JST, 2013 WL 2456566, at *2 (N.D. Cal. June 6, 2013) (internal quotation omitted).

Even assuming that a common question of law or fact exists between this case and *Leghorn*, a point which the QBE Entities do not concede, the two cases are not appropriate for consolidation. This case is far more procedurally advanced than *Leghorn*. The QBE Entities have not seen or conducted discovery in this case and should not be required to oppose class certification only days after their motion to dismiss in *Leghorn* was denied. Thus, if the two cases were consolidated, there would be great potential for delay, confusion, and prejudice to the QBE Entities. The QBE Entities are more than willing to submit a more detailed briefing on this issue if the Court would find it helpful and informative.

1

| | |
|---|---|
| Dated: July 9, 2013 | Respectfully Submitted,<br><br>**BUCKLEYSANDLER LLP**<br><br>/s/ Leah R. Mosner<br>LEAH R. MOSNER<br><br>*Attorney for QBE Insurance Corp., and*<br>*QBE FIRST Insurance Agency, Inc.* |